HILDEGARD HAASS ET AL. v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

Decided June 6, 1900.

**Contributory Negligence—Charge Directing Verdict.**

Where, in an action against a railway company for causing the death of a person killed while crossing the track in front of a rapidly moving train in plain view, contributory negligence on the part of the deceased is so clearly established by the undisputed testimony as to admit of no other reasonable hypothesis or conclusion than that of its existence, the court may properly assume its existence and instruct the jury to return a verdict for the defendant.

APPEAL from Medina. Tried below before Hon. J. L. MARTIN.

*T. M. Paschal, S. B. Easley,* and *Perry J. Lewis,* for appellants.

*Baker, Botts, Baker & Lovett* and *Walter Gillis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case. Our opinion on the first will be found reported in 19 Texas Civil Appeals, 645, and as the pleadings upon which the case was last tried are the same as on the first trial, we refer to the opinion on the former appeal for a statement of them. The judgment now appealed from was entered upon a verdict returned in obedience to a peremptory instruction of the court to the jury to find for the defendant.

We have carefully examined the statement of facts in the record now before us, and as the evidence is in no respect materially different from what was proven on the trial in which the judgment from which the first appeal was taken, it is deemed unnecessary to reiterate it here, but we refer to the opinion on that appeal for a full statement of it. From the evidence we find that the undisputed facts show conclusively that Philip Haass, the deceased, was guilty of contributory negligence in going on appellant's railroad track, at midday, with full knowledge of the fact that a train was rapidly approaching, with no obstructions to his view of the train, just a few feet in front of a rapidly moving engine, and that such negligence was the proximate cause of his death.

The only assignment of error is: "The court erred in its charge in withdrawing the issues from the jury and instructing them to return a verdict for the defendant, because the evidence tended to show that the defendant was guilty of negligence as charged in plaintiffs' petition, and that deceased was not guilty of contributory negligence causing his own death, and these were issues of fact that should have been submitted to the jury for their determination."

There is no error in the charge. "Where, as in this case, contributory negligence on the part of the deceased causing his death is so clearly established by the undisputed testimony as to admit of no other reasonable hypothesis or conclusion than that of its existence, such contributory negligence may then properly be said to have been established as a matter of law, and under such circumstances it becomes the duty of the court to assume its existence and instruct the jury to return a verdict for the defendant." We have taken and adopted the language as quoted from the brief of appellee, and believe the proposition is sustained by principle and authority. Sanches v. Railway, 88 Texas, 117; Railway v. Ryan, 80 Texas, 59; McDonald v. Railway, 86 Texas, 1; Beach on Cont. Neg., sec. 447; Collins v. Railway, 27 S. W. Rep., 837.

In the authority last cited it is said: "When the facts are unchallenged, and are such that reasonable minds could draw no other inference or conclusion from them than that the plaintiff was at fault, then it is the province of the court to determine the question of contributory negligence as one of law." The text is amply sustained by numerous authorities cited under it in the note.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.