HOUSTON ELECTRIC CO. v. SCHMIDT.*
(No. 687.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 26, 1922. Rehearing Denied Nov. 15, 1922.)

1. Appeal and error ⬅️742(6)—Proposition that findings are conflicting held not supported by assignment that jury's answers established prejudice.

A proposition that, where findings are conflicting, the verdict should be set aside, *held* not supported by assignments that the jury's answers established prejudice against appellant.

2. Street railroads ⬅️119—Findings as to negligence held not conflicting.

Findings that a street railway company was negligent in operating its car at an excessive speed, in failing to stop when the motorman realized plaintiff's peril, and in failing to maintain the road bed properly, and that each of the negligent acts were proximate causes of plaintiff's injury, are not so conflicting as to destroy verdict.

3. Negligence ⬅️142—Findings held not antagonistic.

The mere fact that the jury finds more than one act of negligence, and that each of the negligent acts were proximate causes of the injury complained of, does not necessarily show that findings are antagonistic.

4. Trial ⬅️315—Raising and lowering of estimates by different jurors to produce verdict not improper.

That the jury first disagreed concerning amount of award, and then some raised and others lowered their estimates to reach an agreement, shows no prejudice or improper production of verdict.

5. Street railroads ⬅️103(3)—Doctrine of discovered peril stated.

A motorman discovering an automobile on the tracks and having no good reason to believe it will move off must exercise ordinary care in using all means at hand consistent with safety to stop his car or lessen its speed so as to avoid injuring the occupants of the automobile, and, if his failure to use such care after discovering the peril in time to stop or slacken speed causes injury, the street railway company is liable.

**6. Trial ⬚362—Jury's prejudice against defendant not shown merely because it failed to consider that plaintiff might have mitigated damages by submitting to surgical operation.**

Where evidence sustained the jury in finding plaintiff's hernial condition was caused' entirely by defendant's accident, defendant could not have jury's answer to special issue set aside because of jury's prejudice in making award in that it failed to consider plaintiff might have mitigated damages by submitting to a surgical operation of doubtful benefit.

**7. Damages ⬚208(7)—Injured person not required as matter of law to risk surgical operation to mitigate damages.**

While an injured person must endeavor to keep down damage, he is not required as a matter of law to risk a dangerous surgical operation for that purpose, though there is evidence that it would probably lessen the effects of his injury, but the test is whether an ordinarily prudent person would undergo an operation, and this is a question for the jury.

**8. Damages ⬚132(4)—$10,000 not excessive for four year old girl suffering injury of double hernia and spinal trouble.**

$10,000 *held* not excessive against street railway for accident to four year old girl causing double hernia and spinal trouble.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Mary Schmidt against the Houston Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood and Fouts & Patterson, all of Houston, for appellant.

Ward & Ward, of Houston, for appellee.

O'QUINN, J. On original submission of this cause, this court reversed and remanded same because of improper argument on the part of counsel for appellee, but the Supreme Court granted a writ of error, and held that the facts did not warrant the finding by this court that the argument was improper or hurtful, and reversed and remanded the case to this court for further consideration. 242 S. W. 1019. The other question, the admissibility of certain testimony, passed upon by this court admitting the testimony, was held correct.

The opinion of this court on original hearing, in which a statement of the nature and result of the suit is made, together with a brief statement of the material facts, reference to which is here made, will be found in 233 S. W. 637. The case was tried upon special issues, and the jury returned a verdict finding appellant guilty of negligence, and that said negligence was the proximate cause of appellee's injuries, and awarding her damages in the sum of $10,000.

By their verdict the jury found: (1) That appellant's street car was being operated, at the time of the collision, within the city limits of the city of Houston at a speed of more than 18 miles per hour, and that such speed was the proximate cause of the injury; (2) that the roadbed of the street railway company, where John Schmidt, father of appellee, was driving his automobile, was not in a reasonably safe condition for the use of persons driving vehicles upon and along said street where said roadbed was; (3) that it was negligent upon the part of appellant to permit its roadbed at such place to become in such condition, and that but for such negligence said John Schmidt could and would have driven of said track and avoided collision with the street car; (4) that the motorman operating said car saw the automobile in which appellee was riding on the track in front of said street car, and realized that a collision between said street car and said automobile would occur if the street car was not stopped or its speed slackened within a sufficient time to have, in the exercise of ordinary care, stopped said street car or slackened its speed and prevented the collision by the use of means at his command; (5) that it was negligence on the part of the motorman not to have stopped the street car or checked its speed, and that such negligence was the proximate cause of the collision; (6) that an ordinarily prudent person, under the circumstances of the case, would not have had an operation for hernia performed; (7) that appellee was entitled to damages in the sum of $10,000.

[1] Appellant's first and second assignments of error complain that the jury was prejudiced against appellant, and determined to find substantial damages against it without regard to the evidence, for in that said jury found against appellant upon every issue submitted as to its negligence, and found that three distinct and separate grounds of negligence were each the proximate cause of the collision, though appellant contends these alleged acts of negligence were conflicting, and also because the jury found damages against appellant in a sum it alleges to be excessive.

In support of this appellant asserts that the finding that the street car was traveling at a rate of speed in excess of 18 miles per hour, and that this was the proximate cause of the collision, and that the motorman's failure to stop the street car when he realized appellee's peril was the proximate cause of the collision, and that the bad condition of the track was the proximate cause of the collision; that these findings are necessarily in conflict with each other, and hence the verdict cannot stand.

Under these assignments, appellant submits the proposition that, "where the findings of the jury on special issues are con-

dicting, the verdict will be set aside, as it constitutes no basis for a finding."

[2, 3] We are not sure that the proposition finds support in the assignments. The assignments assert that "the answers of the jury, when considered together, establish beyond a reasonable doubt that the jury was prejudiced against the defendant and determined to find substantial damages against defendant and to hold defendant liable therefor, without regard to the evidence, particularly in this," and then sets out the matters complained of, as we understand, that go to show the prejudice. The proposition says nothing about prejudice, but asserts that, where the findings are in conflict, the verdict should be set aside. However, we are of the opinion that the matters complained of do not show that the jury was prejudiced, nor do we think the findings, if at all in conflict, are so much so as to destroy the verdict. The mere fact that the jury found appellant to be negligent in more than one way, and that each of the negligent acts were proximate causes of the injury, does not mean, necessarily, that such findings are antagonistic. We do not think the inconsistency that appellant complains of is shown. The assignments are overruled. Eads v. City of Marshall (Tex. Civ. App.) 29 S. W. 170; City of San Antonio v. Porter, 24 Tex. Civ. App. 444, 59 S. W. 924; Gonzales v. City of Galveston, 84 Tex. 7, 19 S. W. 284, 31 Am. St. Rep. 17; Electric Co. v. Speegle (Tex. Civ. App.) 60 S. W. 885.

[4] Appellant's third assignment shows no error. The fact that at first the jury were not unanimous and disagreed as to the amount to be awarded to appellee as damages, and that they finally agreed by some raising their original amounts and others lowering theirs, finally agreeing upon the amount rendered, shows no prejudice nor an improper method of arriving at the verdict.

By its tenth assignment appellant insists that the court erred in submitting special issue No. 3 to the jury, and by its eleventh assignment that the court erred in refusing to set aside the jury's finding in answer to said special issue. Special issue No. 3 submitted the question of discovered peril, in answer to which the jury found that the motorman in charge of the street car did see the automobile in which appellee was riding on the track in front of the street car, and did realize that a collision between the street car and the automobile would occur if the street car was not stopped or its speed slackened within a sufficient time to have, in the exercise of ordinary care, stopped the street car or to have slackened its speed so as to have prevented the collision, by the use of the means at his command. For various reasons appellant objected to the submission of this issue. The issue was proper under the pleadings and the evidence. The record amply supports the finding by the jury. Houston Electric Co. v. John Schmidt (Tex. Civ. App.) 203 S. W. 617.

[5] If the motorman discovered the automobile on the track and had no good reason to believe that it would leave the track, it was his duty to exercise ordinary care in using all the means at hand, consistent with its safety, to stop the street car or to lessen its speed so as to avoid injuring the occupants of the automobile. If the discovery of appellee's peril was in time to have stopped the street car, or to have slackened its speed, and the motorman in charge failed to use ordinary care in applying the means at hand to do so, whereby the injury to appellee occurred, appellant is liable therefor. Railway Co. v. McMillan, 100 Tex. 564, 102 S. W. 103; Railway v. Breadow, 90 Tex. 26, 36 S. W. 410. This was a question for the jury, and they found against appellant, and we think the record amply supports their finding.

[6] Appellant's twenty-fourth assignment complains that the court erred in refusing to set aside the answer of the jury to special issue No. 11. By the answer to this issue the jury awarded to appellee $10,000 as damages. Appellant contends that the jury's finding should be set aside because: (a) The amount is excessive; (b) the jury in awarding such sum was influenced by spite, prejudice, or some other improper motive; (c) the undisputed evidence establishes that an operation, if performed, would entirely relieve appellee from any future damages of any character or kind whatsoever, or at least that decided relief could be obtained from such an operation, and that it was such an operation as appellee should submit to, and the amount of damages awarded by the jury shows that they wholly failed to take this into consideration; (d) the evidence establishes that appellee was suffering from a congenital condition, which would have developed hernia regardless of the collision, or at least that this was strongly probable, and the amount of damages awarded by the jury shows that the jury did not take this fact into consideration; and (e) the answer to this special issue, when considered in the light of answers made by the jury to the other questions, shows that the jury was prejudiced against appellant, and determined to find substantial damages against it without regard to the evidence.

[7] We think the assignment should be overruled. In discussing appellant's first and second assignments, in which prejudice on the part of the jury was urged, we held that the matters complained of there did not show prejudice, nor do we think that the matters here urged show same. We think the evidence fully sustains the jury in finding that the hernial condition from which appellee suffers was caused entirely by the collision. Neither do we think that appellant's complaint that appellee should have submitted

to an operation is well taken. The rule is well settled that a person injured is required to exercise reasonable prudence to keep down damage caused by the acts of the wrongdoer, but no person is required to risk his life on the operating table for any such purpose. Gibbs v. Almstrom, 145 Minn, 35, 176 N. W. 173, 11 A. L. R. 227. Futhermore, as a matter of law, one who has been injured by the negligence of another is not bound to undergo a serious and critical operation which would necessarily be attended with some risk of failure and of death, but must be permitted to exercise the liberty of choice in the matter, and his refusal to submit to the operation, although under the evidence it would probably lessen the effects of the injury, cannot be considered in mitigation ·of the damages recovered therefor. The test is: Would a person of ordinary prudence, under all the circumstances, have done so, and this is a question for the jury. Snyder Ice, Light & Power Co. v. Bowron (Tex. Civ. App.) 156 S. W. 556; Railway v. Brown (Tex. Civ. App.) 163 S. W. 385; Railway v. Kerrick, 178 Ky. 486, 199 S. W. 44; Stewart D. G. Co. v. Boone, 180 Ky. 199, 202 S. W. 489; Williams v. City of Brooklyn, 33 App. Div. 539, 53 N. Y. Supp. 1007; Stokes v. Long, 52 Mont. 470, 159 Pac. 28; 13 Cyc. 77, note 62; 8 R. C. L. 448. Appellee was suffering from a double inguinal hernia. Several physicians testified that an operation, especially where it was for double inguinal ·hernia, was a major operation, dangerous, and involved the risk of life. Dr. Cody, witness for appellant, testified that a normal man would shrink from such an operation; that an operation that involved the opening up of the body where it did was a serious operation—a major operation. The court submitted to the jury the question of whether or not an ordinarily prudent person, under all the circumstances, would have submitted to an operation, to which they answered "No." We think the evidence supports their finding.

[8] But appellant says the damages awarded are excessive. Appellee at the time of the injury was a girl four years old, strong, healthy, and cheerful. Because of the negligence of appellant, she is now suffering, and will continue to suffer, from a double inguinal hernia and spinal trouble, which are causing, and will continue to cause, constant pain and increasing nervousness. By reason of these "injuries, she is, and will continue to be, compelled to wear a double truss, with its attendant inconvenience, embarrassment, and harassment. She is, and will be, compelled to forego the activities of healthy and vigorous, happy childhood, must deny herself many of the most cherished pleasures of young womanhood, such as dancing, singing and many forms of physical exercises; must rest under the constant dread and mor-

tification of her said afflictions. Her earning capacity is seriously and permanently impaired. Her hopes of married life darkened, and, in case she should ever marry, the most precious dreams of wifehood, childbearing, will be threatened and deterred by the fearful threat of strangulation arising from said hernia, which, to one in her condition, in such event would mean almost living in the shadow of death. Naturally, as she grows older and becomes more and more cognizant of her extreme misfortune, she will become more and more morbidly morose and saddened, to say nothing of her weakened condition physically. We think the verdict of the jury, under the circumstances, does not show any spite, prejudice, or other improper motive, but that same is amply justified. Freeman v. Clearly (Tex. Civ. App.) 136 S. W. 521; Railway v. Coler (Tex. Civ. App.) 135 S. W. 180; Railway v. Morin, 53 Tex. Civ. App. 531, 116 S. W. 657; Railway v. Butshek, 34 Tex. Civ. App. 194, 78 S. W. 741.

Appellant has other assignments presenting other matters, but, believing that they do not show error, they are all overruled.

The judgment is affirmed.