Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# OPINION

No. 04-08-00395-CV

Ben **MCCULLOUGH** and Cyndi McCullough,
Appellants

v.

**CITY OF PEARSALL**,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 07-09-00316-CVF
Honorable Stella Saxon, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice
            Marialynn Barnard, Justice

Delivered and Filed:   February 11, 2009

AFFIRMED

In the underlying wrongful death lawsuit, Ben and Cyndi McCullough sued the City of

Pearsall and the City of Pearsall Industrial Development Corp. (collectively, "the City"), as well as

Union Pacific Corp., Union Pacific Railroad Company, and other individuals (collectively, "the

Railroad Defendants") following the death of the McCulloughs' daughter, who was killed when she

was struck by a train on property owned and operated by the Railroad Defendants. The McCulloughs

eventually non-suited the Railroad Defendants. The City filed a plea to the jurisdiction, which the trial court granted. This appeal by the McCulloughs ensued. We affirm.

## BACKGROUND

Prior to January 1, 1970, the City owned a vacant lot of land parallel to which ran the Union Pacific railroad and on which the City constructed a paved sidewalk. The paved sidewalk on the City's property eventually becomes a trail that leads up to the Railroad Defendants' property. From at least 1969 to September 21, 2005, there had been no warning signs, lights, crossing arms, or fences provided on either the City's property or the Railroad Defendants' property warning the public, or preventing school children, from utilizing and following the paved sidewalk and trail into the path of oncoming trains. On September 21, 2005, the McCulloughs' daughter, while walking home from school, walked down the City's paved sidewalk, and entered the property owned by the Railroad Defendants where she was struck and killed by an oncoming train.

## STATUTORY AND PRE-1970 COMMON LAW

The McCulloughs first assert that, because the Texas Tort Claims Act ("the Act") does not apply to acts or omissions occurring before January 1, 1970, common-law controls whether the City is entitled to immunity.

The Act provides: "This chapter does not apply to a claim based on an act or omission that occurred before January 1, 1970." TEX. CIV. PRAC. & REM. CODE ANN. § 101.061 (Vernon 2005). Common law thus determines the existence and extent of governmental immunity and liability based on acts occurring before January 1, 1970. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex. 1997). The McCulloughs assert the City had a responsibility to erect barriers for schoolchildren using the

paved walkway onto the railroad crossing. According to the McCulloughs, the City constructed the paved walkway, prior to 1970, leading schoolchildren onto the railroad crossing and into the path of approaching trains when it knew the railroad crossing posed a dangerous and ultra-hazardous condition. The McCulloughs also assert that, although the City had no governmental responsibility or legal duty to assume control of the railroad crossing, it in fact assumed such control by creating a crosswalk over the railroad tracks; therefore, the City had a duty to protect the children from injury and death. The McCulloughs' argument is premised on the common law requirement that "[w]hen a municipal corporation opens a street and invites public travel, it must be made reasonably safe for such use; and if there is a dangerous place, such as a declivity or excavation, so close to the street, or the traveled part thereof, as to render it unsafe for travel in the absence of a railing or barrier, the wanting of such railing or barrier constitutes a defect in the highway itself, for injuries from which the municipality is liable." *City of San Antonio v. Porter*, 24 Tex. Civ. App. 444, 59 S.W. 922, 924 (San Antonio 1900, writ ref'd). Here, there is no dispute the McCulloughs' daughter was not struck while at a railroad track that crossed a public street intersection or while she was walking on City property. Instead, the child was killed when she was struck by a train on property owned and maintained by the Railroad Defendants. The McCulloughs' pleadings describe the walkway constructed by the City as "a blacktop paved sidewalk . . . on the [City's] real property . . . . [that] eventually becomes a trail that leads up to and crosses over the railroad tracks . . . ." The McCulloughs did not dispute the City's contention, in its plea to the jurisdiction, that their daughter was killed when she "crossed a field and followed a path onto the real property of the railroad including its tracks where she was hit by a train." Thus, it is clear it was the child's stepping off "a

trail" and onto the Railroad Defendants' property, and not the condition of the City's paved sidewalk, that led to the child's death. Therefore, the McCulloughs failed to establish that the City's paved sidewalk, which eventually became a trail across a vacant lot of land, was defective. Accordingly, the City is immune from liability under common law.

## PROPRIETARY OR GOVERNMENTAL FUNCTIONS

The McCulloughs next assert the City's action in constructing the paved crosswalk was a proprietary function; therefore, the City is not immune. Cities performing proprietary functions have no immunity for their actions. *See Texas River Barges v. City of San Antonio,* 21 S.W.3d 347, 356 (Tex. App.—San Antonio 2000, pet. denied). Cities retain immunity for governmental functions unless the Legislature has expressly waived that immunity. *See id.* Governmental functions are those functions that are enjoined on a municipality by law and are given it by the State as part of the State's sovereignty, to be exercised by the municipality in the interest of the general public. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a). Proprietary functions are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(b). The Act sets forth a nonexclusive list of functions that the Legislature deems governmental. *See* TEX. CIV. PRAC. & REM. CODE ANN. §101.0215(a).

The McCulloughs argue the City's construction of its sidewalk was a proprietary function because the City assumed a responsibility to provide safe passage for children crossing over an ultra-hazardous condition (the railroad tracks) when the City voluntarily undertook a course of action for the benefit of its inhabitants (building the sidewalk). Therefore, the McCulloughs conclude, the City

is liable for its negligence to the same extent as a private entity. We disagree. The Legislature has reclassified many previous proprietary functions as governmental through section 101.0215 of the Act. Many of the listed functions involve actions that a city has discretion in undertaking; nevertheless, the Legislature has defined those actions as governmental functions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215; *see also City of San Antonio v. Butler,* 131 S.W.3d 170, 178 (Tex. App.—San Antonio 2004, pet. denied) (noting city has discretion to perform or not perform many activities in connection with its governmental functions). Included in the Act's list of governmental functions are street construction and design and street maintenance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(3) & (4). The Texas Transportation Code defines a "sidewalk" as the portion of the street between a curb or lateral lane of a roadway and the adjacent property line that is intended for pedestrian use. TEX. TRANSP. CODE ANN. § 541.302(16) (Vernon 1999). Therefore, the construction, design, and maintenance of sidewalks is a governmental function. *See Hur v. City of Mesquite,* 893 S.W.2d 227, 235 (Tex. App.—Amarillo 1995, writ denied). Therefore, the City's actions in constructing the sidewalk constituted a governmental function.

Having determined the City's action here constitutes a governmental function, we next decide whether immunity is waived. Immunity is waived for governmental functions for "personal injury and death so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). The Texas Supreme Court has consistently required a nexus between the condition or use of the property and a plaintiff's injuries. *See Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 543 (Tex. 2003). "This nexus means more than mere involvement of property." *Id.*

"Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). Here, at most, the City's paved sidewalk that eventually became a trail that led to property owned and maintained by the Railroad Defendants, and on which the McCulloughs' daughter was killed, did no "more than furnish the condition that [made] the injury possible." Therefore, under the Act, the City retained immunity for its governmental function of constructing the sidewalk.

Also, the decision not to install guard rails or post warning signs is a discretionary function, and the Act does not waive governmental immunity for such decisions. *French v. Johnson County*, 929 S.W.2d 614, 617 (Tex. App.—Waco 1996, no writ); Tex. Civ. Prac. & Rem. Code Ann. § 101.056. Therefore, under the Act, the City retained immunity for its discretionary decision to not erect a guard rail or place signs at the end of the trail leading from the paved sidewalk to the Railroad Defendants' property.

Finally, the McCulloughs' argument focuses on the City's alleged motive for building the sidewalk, which they contend was to "safely cross children over the railroad tracks." However, a city's motive in undertaking an action is not relevant to whether the function is governmental or proprietary. *See Texas River Barges,* 21 S.W.3d at 357.

**PREMISE DEFECT**

Lastly, the McCulloughs assert the sidewalk and unmarked crossing leading to the railroad tracks was a premise defect and/or a special defect for which the City had a duty to warn. The Act waives immunity for "claims arising out of a condition of real property, in other words, a premises

defect." *Butler*, 131 S.W.3d at 179. A "defect" is defined as an imperfection, shortcoming, or "want of something necessary for completion." *Id.* Thus, to make a claim based on a condition of real property, a plaintiff must complain of something defective or inadequate about the property itself. *Id.* For the reasons stated above, the McCulloughs failed to establish that the paved sidewalk was defective. Also, the failure to do some act is not considered a use or misuse of property. *Id.* As stated above, at most the City's paved sidewalk that eventually became a trail that led to property owned and maintained by the Railroad Defendants, and on which the McCulloughs' daughter was killed, did no "more than furnish the condition that [made] the injury possible." Finally, as to the McCulloughs' assertion that the sidewalk was a "special defect," nothing in the McCulloughs' pleadings or the record supports their contention that the sidewalk was "of the same kind or class as [excavations or obstructions]." *County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978). Therefore, the McCulloughs failed to state a claim for either a premises defect or a special defect.

## CONCLUSION

We overrule the McCulloughs' issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice