### R. H. BARROW ET AL. v. AMOS GRIDLEY ET AL.

Decided November 1, 1901.

**1.—Survey—Land Certificate—Location of Alternate School Section.**

While the law requires the survey of a railroad land certificate and the alternate survey of a like amount for the State to be contiguous to each other, yet if made apart, they are not void, but only irregular.

**2.—Same—Correction—Void Location Upon Appropriated Land.**

Where a survey was made so as to cover an excess of land, and afterwards another certificate was located in part on the tract, such second location was upon appropriated land, and was subject to a correction of the prior survey such as fixed it on that part of the land covered by the second location.

**3.—Archive of Land Office—Affidavit Explaining Field Notes.**

An affidavit filed in the Land Office explanatory of field notes is not an archive of that office so as to make it admissible in evidence, and the fact that the affiant was the surveyor who did the work and was dead when the affidavit was offered does not alter the case.

**4.—Land Office Map as Evidence.**

A map compiled in the Land Office, and lithographed, printed and published by that office, is an official map, and admissible in evidence for the purpose of identifying the location of surveys.

**5.—Judgment—Description of Land.**

A judgment by which a party recovers all of a designated survey not in conflict with another specified survey which can be easily identified upon the ground is not void for uncertainty.

Appeal from Brazoria. Tried below before Hon. Wells Thompson.

*Masterson & Masterson,* for appellants.

*Austin & Rose,* for appellees.

GARRETT, CHIEF JUSTICE.—Richard H. Barrow brought this suit in the District Court of Brazoria County on April 1, 1897, against T. H. Bennett, H. E. Butler, J. E. Butler, Charles Fiedler, Amos Gridley, and

Henry Schoenler as an action of trespass to try title for the recovery of a certain tract of land situated in Brazoria County, described by metes and bounds, alleging that said land had been located upon as vacant public domain and surveyed for the plaintiff by virtue of a certificate for 1280 acres of land issued to R. H. Wade. On July 14, 1898, H. E. Butler and J. E. Butler answered, disclaiming any interest in the land sued for, and prayed to be discharged with their costs. T. H. Bennet appeared by a plea of general denial and not guilty, filed December 28, 1897. On June 15, 1897, Henry Schoenler answered by a plea of general denial and not guilty. Amos Gridley answered, disclaiming as to all of the land except 320 acres described in the answer, to which he claimed title. He also pleaded the statute of limitation, and improvements in good faith, and against H. H. Wellman, an intervening defendant, on his warranty of title. He also pleaded in cross-action for a recovery of the land of the plaintiff. On January 11, 1900, the plaintiff Barrow filed his second amended original petition in which the entire 1280 acres of the R. H. Wade location was sued for, the original petition describing only a portion thereof. He also alleged that he had conveyed his title to Branch T. Masterson, who had intervened in the suit as a plaintiff, and prayed that he be allowed to recover. Masterson intervened in the suit, and sought to recover the 1280 acres located and surveyed by virtue of the R. H. Wade certificate. H. H. Wellman intervened in the suit as a defendant, and pleaded title in himself and vendees to 640 acres of land known as section 28, Houston Tap & Brazoria Railroad Co., which he described by metes and bounds, and prayed for a recovery of the same. No answer for Fiedler appears in the record. On January 13, 1900, the cause came on to be heard before the court, without a jury, and judgment was rendered, reciting the appearance of all the parties, in favor of Masterson against the Butlers on their disclaimer; in favor of Gridley for the 320 acres described in his answer, and in favor of Masterson against Gridley for the 1280 acres, except the 320 acres; and that the plaintiff Barrow and intervener Masterson take nothing as to the intervener Wellman and the defendants Bennett, Fiedler and Schoenler.

The right of the plaintiff to recover in this case depends upon the true location upon the ground of survey 28 located for the State by. virtue of Houston Tap & Brazoria Railroad certificate No. 10-361. There can be no doubt from the evidence that the survey was originally made contiguous to its alternate No. 27; but as originally made it also called for a connection with No. 18, which may be easily identified and located on the ground by its connecting surveys. In making the first block of surveys in 1861, the surveyor made an error which left a vacancy between surveys 16 and 17, and when he came to locate the block in 1868, of which No. 28 is a part, he appropriated by his calls for that survey much more land than the acreage called for. Afterwards, in 1876, the A. C. H. & B. surveys were located in between 28 and its alternate 27,

thus cutting 28 loose from 27, but leaving it a sufficient acreage. In 1890 the plaintiff Barrow located the Wade certificate upon the part of the land appropriated by 28, adjoining 18 and next to 20. Afterwards corrected field notes of 28 were filed in the Land Office, disconnecting it from 27 and locating it as it now appears to be located, and the land was sold by the State and a patent issued therefor. It thus appears in conflict with the Wade location, and the question is whether or not the patent is valid.

While the law requires the two surveys made under a certificate requiring a like amount of land to be surveyed for the State to be contiguous to each other, yet if made apart they are irregular but not void, and surveys thus illegally made have been validated by law. Rev. Stats., art. 4265; Railway v. Carter, 24 S. W. Rep., 1102; Smith v. McGaughey, 87 Texas, 61. At the time the A. C. H. & B. surveys and the Wade survey were made, the land was appropriated by the survey 28, but the field notes of 28 embracing much more land than the certificate called for, corrected field notes were filed, cutting the survey loose from its alternate and leaving it tied onto 18. The survey having previously called for both 27 and 18, the land covered by the Wade location had been appropriated, and the latter survey was made subject to the correction. The corrected field notes appear to have been properly filed in the Land Office, and there is no evidence to show fraud in the erasures and interlineations on the original field notes in the surveyor's office. There is no reason shown why the judgment of the court below is not correct. As the case was tried before the court without a jury, and the conclusion of the court is abundantly supported by the evidence, the judgment will be affirmed. Appellant complains that the judgment is void for uncertainty in the description of the land adjudged to Gridley, but this is not true, because the contention was whether or not No. 28 should be constructed on No. 27 or No. 18. The latter theory having prevailed, it is easy to run out the land by calls for No. 18. There are no conclusions of fact in the record, and as the evidence will support a finding that the plaintiff's survey was located on lands already appropriated, the form of the judgment will not be disturbed, except as to H. H. Wellman, as to whom it will be reformed so that plaintiff take nothing only as to the survey No. 28.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We are of the opinion that the motion for a rehearing should be overruled. Appellants request the court to file conclusions of fact and of law, but do not indicate any conclusion that they desire that is not included in the opinion heretofore filed. The facts would perhaps have been more particularly stated by us then had we been under the impression

that the Supreme Court had jurisdiction of the case. However, as the case may be one of which the Supreme Court can take jurisdiction, we will make a brief statement of our conclusions separately.

Appellants are the owners of the certificate by which the Wade survey was made as described in the petition, and are entitled in this suit to recover the land described, except such part thereof as may be in conflict with the State survey No. 28 of the Houston Tap & Brazoria Railroad surveys, claimed by the appellees. The plats in the record are referred to. No. 18 of Houston Tap & Brazoria Railroad surveys was located in 1861 in a block of surveys numbered from 1 to 24, and No. 28 was located in another block made in 1868. In making the surveys in 1861, the surveyor made a mistake in the distance between No. 17 and No. 16 on the south of it, the distance being one mile greater than called for or necessary to make the full complement of acreage. Section 17 calls for and ties onto No. 16, thus making No. 17 survey excessive in quantity. Survey No. 18 lies west of No. 17, and calls for and ties onto it, and like it, covers too much land. No. 28 also, as originally surveyed, called for its alternate No. 27, which lay north of it, but on the east it ran south with the west line of 18 to its south corner, and thus formed a survey excessive in distance to the south and containing double the quantity of land to which it was entitled. While in this condition the R. H. Wade certificate was surveyed in conflict with the south end of it. After the Wade survey was made, corrected field notes of No. 28 were filed in the General Land Office, which cut it loose from its alternate 27 on the north and located it as described in the patent, reducing it to its proper size. Reference is made to the record for the field notes of the several surveys and to the corrected field notes and patent for No. 28. Upon the vacancy thus left between No. 27 and No. 28, and to the east, other surveys, known as the A. C. H. & B. surveys, were located. The correction of the original field notes of survey No. 28 was duly filed in the Land Office. In the county surveyor's records the correction appears to have been named by erasures and interlineations in the original field notes, as recorded. There is no evidence, however, to show that this was fraudulently done, nor by whom; nor any explanation thereof. At the time the Wade certificate was surveyed survey No. 28 had appropriated the land now covered by it by calls for the south corner of No. 18, and as corrected and patented conflicts with the Wade location. The exact extent of the conflict is not material to be found, because the defendants only recover for land included in survey No. 28, which can be easily identified by running it out according to its calls.

Passing briefly upon the questions of law raised by the appellants, we conclude:

1. The affidavit of Damon filed in the Land Office explanatory of the field notes was not an archive of that office so as to make it admissible in evidence, even if it were material. It does not come within the rule of the cases cited by counsel. The fact that Damon was dead when

the affidavit was offered, and was the surveyor who did the work, does not alter the case.

2. The map compiled in the Land Office, and lithographed, printed, and published by that office is an official map, and the copy received in evidence was admissible for the purpose of identifying the location of the surveys.

3. There was no error in admiting in evidence the patent for survey No. 28. It was duly issued upon corrected field notes, and showed title to the land from the State.

4. The field notes of the several surveys had been read in evidence from the surveyor's record, and the admission of the skeleton copies from the Land Office was not material error, if error at all, which is not believed to be the case. Only immaterial parts appear to have been omitted.

5. The correction of the field notes of No. 28 separating that survey from No. 27 was only an irregularity which could not affect the validity of the patent, and even this irregularity was subsequently cured by statute.

6. Masterson recovered judgment for all of the Wade certificate not in conflict with No. 28, which can be easily identified on the ground. Hence there is no merit in the assignments of error attacking the judgment as void and uncertain, and for its failure to ascertain the extent of the conflict between the two surveys. Gridley, upon his plea in reconvention, recovered judgment for a defined 320 acres of the survey No. 28; as to the balance of that survey the judgment as reformed is that appellants take nothing as to Wellman.

Writ of error refused.