SAN ANTONIO, U. & G. R. CO. v. HAGEN.*
(No. 5719.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1916. Rehearing Denied Nov. 1, 1916.)

1. CONTINUANCE ⊜⟾26(3) — RIGHT TO — ABSENT WITNESSES.
A continuance on account of the absence of a witness will be denied when no process had been issued for the witness, no effort was made to secure his testimony, and defendant who was applying for the continuance declined an offer of the privilege of using the testimony of the witness taken on a former trial.
[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 74; Dec. Dig. ⊜⟾26(3).]

2. TRIAL ⊜⟾260(1)—INSTRUCTIONS—REFUSAL.
The refusal of a requested special charge is proper where all portions of the charge which were correct were covered by the general charge.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ⊜⟾260(1).]

3. MASTER AND SERVANT ⊜⟾235(8)—INJURIES TO SERVANT—DUTY OF INSPECTION.
A railroad fireman, injured by the giving way of an apron connecting the tender and the engine, was under no duty of inspection, though he had been told to fix the apron.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 714; Dec. Dig. ⊜⟾235(8).]

4. TRIAL ⊜⟾129 — ARGUMENT OF COUNSEL — ARGUMENT IN RESPONSE TO OTHER ARGUMENT.
In an action for injuries received by a railroad fireman when an apron connecting the tender and engine gave way, defendant's counsel expressed regret that the apron was not in court so that an ocular demonstration could be made of its tilting characteristics, whereupon plaintiff's counsel stated that if defendant had really desired the jury to see the apron it would have been brought in as it was on former trial, and that the fact that it was not brought in justified an inference it would tip if stepped on as it did before. Held that, as such argument was provoked by argument of defendant's counsel, and it did not appear that it affected the jury, it is no ground for objection, though based on facts not in evidence.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 310; Dec. Dig. ⊜⟾129.]

5. TRIAL ⊜⟾129 — ARGUMENT OF COUNSEL — ARGUMENT TO MEET OTHER IMPROPER ARGUMENT.
Argument outside of the record, made to meet argument by defendant's counsel outside of the record, cannot be complained of by defendant on appeal.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 310; Dec. Dig. ⊜⟾129.]

6. APPEAL AND ERROR ⊜⟾1005(1) — REVIEW—MISCONDUCT OF JURY.
A determination by the trial court that the verdict was not agreed upon because of suggestion that plaintiff's counsel would share in the recovery based on conflicting evidence, cannot be reviewed on appeal, for the finding of the trial court in the matter is final, unless a clear abuse of discretion appears.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876, 3948; Dec. Dig. ⊜⟾1005(1).]

7. DAMAGES ⊜⟾132(1)—PERSONAL INJURIES—MEASURE.
An award of $15,000 damages in favor of a railroad fireman who was so seriously and permanently injured that he would never again be able to perform physical labor is not excessive.
[Ed. Note.—For other cases, see Damages, Cent. Dig. § 372; Dec. Dig. ⊜⟾132(1).]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Frank I. Hagen against the San Antonio, Uvalde & Gulf Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Williams & Hartman, of San Antonio, for appellant. John Sehorn and T. M. West, both of San Antonio, for appellee.

FLY, C. J. This is a suit for damages instituted by appellee, who alleged that he was in the employment of appellant as a fireman, and that in the performance of his duties it became necessary for him to stand upon a certain apron which connected the tender and engine, and that it was the duty of appellant to have the apron securely fastened, but it failed so to do, and when appellee stepped

upon the apron it gave way and he was precipitated to the ground and seriously and permanently injured. Appellant pleaded contributory negligence and assumed risk. A trial by jury resulted in a verdict and judgment in favor of appellee for the sum of $15,000.

The evidence showed that appellee was seriously and permanently injured through the negligence of appellant as alleged, and was damaged in the sum found by the jury.

[1] The first assignment of error assails the action of the court in overruling an application for a continuance on account of the absence of Dr. W. B. Russ. No process had been issued for the witness, nor any effort made to secure his evidence, and the court properly overruled the application for a continuance. Appellee offered appellant the privilege of using the testimony of the witness taken on a former trial of this cause, but that offer was declined. The assignment is overruled.

[2, 3] The court properly refused to give the special charge, the rejection of which is complained of in the second assignment of error. Had it been given it would have taken the question of contributory negligence away from the jury, for it, in effect, informed the jury that if B. B. Smith, prior to the injury, told appellee to fix the apron and he failed to fix it, a verdict should be rendered for appellant. The issue was correctly presented by the court in the main charge. All that was proper to be given in the special charge, whose rejection is complained of in the third assignment of error, was fully embodied in the charge of the court. The duty of inspection did not devolve upon appellee as seems to be assumed in the special charge.

[4] Counsel for appellant, in his argument to the jury, expressed regret that the apron was not in court so that ocular demonstration could be made of its tilting characteristics, and appellee's counsel in answer to the argument stated that if counsel for appellant had really wanted the jury to see the apron, it could have been brought, as it was on a former trial, and that the fact that it was not brought would justify the inference that it would tip if stepped on, as it did before. This argument was objected to on the ground that there was no evidence that it "tipped up" when it was there before. It does not appear that the argument had any effect whatever on the jury, and we cannot hold that it did. The argument is not to be commended, but it was provoked by appellant's argument.

[5] The argument complained of in the fifth assignment of error was provoked by appellant's argument and was in direct response to that argument. If appellee went outside of the record in his argument, he was led out of the way by the argument of appellant.

[6] The sixth assignment of error assails the verdict on the ground that it was agreed to because it was suggested that the attorneys would get one-half of the damages, and it was therefore necessary to give $15,000 to appellee. The court heard the evidence of the jurors, and seven of them swore that nothing was said about attorney's fees in the jury room; two swore that when it was mentioned a juryman told the one mentioning it to "cut it out," that such a matter could not be considered, and only one swore that he talked about it to all the jury, and he was flatly contradicted by at least six of the jury. The evidence was heard and weighed by the court, and his judgment to the effect that the question of attorney's fees did not enter into the verdict is conclusive on this court. This court has no authority to question the judgment of the trial court in this matter, unless it is made to clearly appear that its discretion has been abused and the rights of the parties have been disregarded. Railway v. Gray, 105 Tex. Sup. 42, 143 S. W. 606; Traction Co. v. Cassanova, 154 S. W. 1190; Railway v. Blalack, 128 S. W. 706; Railway v. Brown, 140 S. W. 1172. In the Cassanova and Railway v. McKinnell (173 S. W. 937) Cases, the uncontradicted evidence showed that the amount of attorney's fees was considered by the jury and entered into their verdict. Such is not the evidence in this case. The overwhelming preponderance of the evidence in this case showed that there was no mention of attorney's fees in the jury room, and it follows that the two jurors who did not testify could not have been affected by something which did not occur. This clearly differentiates this case from the Cassanova Case.

The seventh assignment of error is very general, and should not be considered, although it seeks to raise the same questions determined adversely to appellant under the sixth assignment of error.

The eighth assignment of error is overruled, and the ninth is not considered because too general and indefinite.

[7] The sum of $15,000 is not excessive under the testimony in the case. The injuries were shown to be serious and permanent, and that appellee would never be able again to perform physical labor.

The judgment is affirmed.