SIMS v. FORD. (No. 6164.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 12, 1919. Rehearing Denied March 12, 1919.)

1. APPEAL AND ERROR ☞1039(2)—HARMLESS ERROR—PLEADING.

In action by vendee for damages in that vendor falsely stated that he had given contracts for 100 houses for a town site, and that streets were being graded, defendant was not prejudiced by unnecessary averment in complaint that no houses had been built and no streets graded, where extent of improvements was fully disclosed in testimony of plaintiff.

2. FRAUD ☞53—EVIDENCE.

In action against vendor of land for damages on account of fraudulent statements to effect that vendor had laid out a town site, and had contracted for 100 houses, and that streets were then being graded, plaintiff was properly allowed to testify as to extent of improvements made; such testimony having some bearing on whether arrangements and contracts had been in fact made as represented.

3. EVIDENCE ☞379 — MAPS — AUTHENTICATION.

A map was properly admitted in evidence, although person who made it refused to testify that it was absolutely correct, jury understanding that witness was picturing land as he saw it.

4. FRAUD ☞58(2)—FALSE STATEMENTS—RELIANCE.

In action by vendee against vendor for damages for false representations, proof of falsity of one material representation among a number alleged is sufficient if purchase would not have been made without it.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. FRAUD ☞59(1)—FRAUD OF VENDOR—ACTION FOR DAMAGES—MEASURE OF DAMAGES.**

The measure of damages in action by vendee for fraud of vendor is not dependent upon number of false representations made on theory that certain amount should be allowed for each representation.

**6. FRAUD ☞65(1)—INSTRUCTIONS—DAMAGES.**

In action by vendee for damages for fraud, a requested charge to effect that even though jury believed particular representation made, they should not consider same as element of plaintiff's, damages because such representations did not increase the damages, *held* properly refused as misleading.

**7. TRIAL ☞129—ARGUMENT OF COUNSEL—RETALIATORY STATEMENTS.**

A defendant, whose counsel in his argument commented upon absence of a certain witness, and asked where he was, and why plaintiff had not brought him to court to testify, and then challenged opposing counsel to explain his absence, cannot complain where opposing counsel not only stated why witness was absent, but also that his depositions had been taken by plaintiff, and had been quashed because notary had procured a receipt from postmaster instead of certifying on envelope date deposited in mails, especially where he failed to testify himself.

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Action by J. B. Ford against B. O. Sims, Jr. Judgment for plaintiff, and defendant appeals. Affirmed.

Claude Pollard, of Houston, and E. H. Crenshaw, Jr., of Kingsville, for appellant.
H. M. Holden and Q. S. Barrett, both of Corpus Christi, for appellee.

MOURSUND, J. Appellee sued appellant for damages in the sum of $11,564.05, alleged to have been suffered on account of fraud, whereby he was induced to purchase from appellant 301.83 acres of land in Kleberg county. This is the second appeal, the opinion on the former being reported in 190 S. W. 1165. The second trial resulted in a verdict and judgment in favor of appellee for $4,150.16.

Complaint is made of the overruling of a special exception to paragraph 7 of the petition, wherein it is alleged that:

"Contrary to defendant's representations about building the town of Sims, no town has ever been built there, no residences built, no brick business houses built, the streets not graded, no depot removed there from Ricardo, and no depot built there; in fact none of the things represented by defendant have been done, except the placing of a switch, either by March 1, 1915, as represented by defendant, or up to the time of filing this petition."

The objection presented in the special exception was that such allegations did not constitute a denial or contradiction of the representations alleged to have been made by defendant in paragraph 4. Paragraph 4 reads as follows:

"Defendant further represented to plaintiff that he had laid out a town site along the north line of said land and adjoining it for a distance of one and a quarter miles; that defendant had made all arrangements for the removal of said depot from Ricardo to Sims except getting the consent of the Railroad Commission; that the people of Ricardo, had already agreed for said depot to be removed from that place to Sims, and the railroad company had agreed to remove said depot as soon as permission could be obtained from the Railroad Commission. Defendant also represented to plaintiff that he had already contracted for the erection of one hundred residences on said town site and the territory adjacent thereto, that all streets were being graded through said town site, and that on the town site he was building one hundred houses; that he had arranged to build four brick business houses on the town site."

[1, 2] It is alleged in paragraph 8 that the representations made to plaintiff were false and fraudulent, so the allegations objected to could be eliminated without affecting the sufficiency of the petition. Plaintiff charged defendant with representing that he had made arrangements for the removal of the depot from Ricardo to Sims, and that he had contracted for the erection of 100 residences, and had arranged for four brick business houses, and the averments objected to did not negative that such arrangements and contracts had been made at the time defendant so represented. Plaintiff also alleged that defendant represented that all streets were being graded, and that he was building 100 residences. Of course an averment that the streets had not been graded negatived the truth of the representation that they were being graded. The truth of the averment that defendant was building 100 houses was negatived by alleging that no residences, no brick business houses, and no town had been built there. The exception was undoubtedly in part well taken, but it seems too clear for controversy that appellant could have suffered no injury by reason of the failure to eliminate the objectionable averments, for the extent of the improvements was fully disclosed in the testimony of plaintiff, and such testimony was properly admitted, and without objection, as having some bearing on whether the arrangements and contracts had been in fact made as represented. The first assignment is overruled.

[3] A map or plat drawn by witness Hall purporting to show the location and extent of the parcels of untillable land was admitted in evidence over appellant's objection. Hall testified he was not a civil engineer or surveyor, and that the map was not drawn

to any scale or measurement, but was merely a free-hand sketch as nearly correct as he could make it. The proposition urged under the assignment is that when a map is introduced as original evidence, and not merely in explanation of the testimony of a witness, it must be shown that it reflects with at least approximate accuracy the things shown thereon. The plat could serve no purpose except to illustrate and explain the testimony of Hall, with respect to the location and extent of each parcel of untillable land. Instead of the witness describing the approximate location and the measurements of each swale he undertook to show the same by a sketch made. Appellant calls attention to the fact that in any effort to produce accurate testimony he employed the county surveyor and a civil engineer to survey the land, and that each prepared a map, which he testified was accurate, that of the county surveyor showing every swale on the entire tract, while that of the civil engineer only related to that part of the land in cultivation. He calls attention to the fact that as to the land in cultivation they only disagreed to the extent of about one-half acre. An examination of these maps shows that they differ materially as to the shape and location of the swales, and that both cannot be correct. Appellee suggests that in view of the discrepancies between the two "correct" maps introduced by appellant the jury might properly be permitted to consider the sketch by Hall. A map used to illustrate testimony is usually only approximately correct, and the fact that Hall was unwilling, being an amateur, as he says, to testify that his map was absolutely correct, would not be sufficient ground to exclude it. The jury understood that each witness was merely picturing the untillable parcels as he saw them, and that the great discrepancy between the estimates of Hall and the others was largely caused by his opinion that considerable land surrounding the swamp land was bad. There was no error in the admission of the map. Wigmore on Evidence, § 790. The assignment is overruled.

[4] It is contended that the court erred in permitting a recovery, under its charge, based upon a finding that one or more of the representations, if found to have been made, was false, instead of instructing that substantially all of the representations were made and were false. There is no merit in this contention. Proof of the falsity of one material representation, if the purchase would not have been made without it, is sufficient. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141. The charge is not subject to the particular objection urged. The third assignment is overruled.

[5, 6] A special charge was requested to the effect that even though the jury believed defendant made false representations as to the buildings and improvements, they should not consider the same as elements of plaintiff's damages; the contention being that such charge was proper in view of plaintiff's testimony that if the land had been level and uniform and tillable it would have been worth what he paid for it, regardless of the town site. The measure of damages in a fraud case is not dependent on the number of false representations made on the theory that a certain amount should be allowed for each representation. If any facts had been adduced showing that the representations with respect to the town site were not material, that is, did not induce the trade, an objection should have been made to embracing such representations in the general charge. The special charge was calculated to confuse the jury on the measure of damages. It purported only to deal with the amount recoverable. The plaintiff testified that he would not have purchased the land had the representations with respect to the town site not been made. This being the case, it is entirely immaterial as to the measure of damage what the land would have been worth had it been level and all of it tillable. The fourth assignment is overruled.

The court did not err in refusing to give special charge No. 3, for the reason that there was no evidence to the effect that plaintiff undertook to discover the truth of the representations. The short excerpt from his testimony copied in the statement fails to reflect the testimony of the plaintiff on the point, for he testified unequivocally that he relied on appellant's statements; that he was not familiar with Texas lands and could not have told anything about the land had he undertaken to investigate it.

[7] The sixth assignment presents no sufficient ground for reversal of the judgment. The bill of exceptions discloses that counsel for appellant in his argument to the jury commented upon the absence of the witness, Flowers, and asked where he was, and why plaintiff had not brought him to court to testify, and then challenged counsel for appellee to explain the absence of Flowers. Counsel for appellee not only stated why Flowers was absent, but also that his depositions had been taken by plaintiff, but quashed because the notary had procured a receipt from the postmaster instead of certifying on the envelope the date he deposited the same in the mails. If it be conceded that the reply extended further than the limit indicated by the challenge, it does not follow, we think, that the case should be reversed. It cannot be expected that counsel challenged will always nicely weigh the extent of the inquiry provoked by a challenge. Appellant contends that the challenge was to show by the record in the case why this

important testimony had not been furnished; but, as the record was silent on the question, appellee's counsel naturally understood the challenge as authorizing him to tell what he knew about the matter. It is true that Flowers was an important witness, for he was present when the negotiations took place between appellant and appellee; but as appellant failed to testify, it could hardly be said that appellee needed corroboration concerning the representations made to him. We conclude that we would not be justified in reversing the judgment because of such argument. The sixth assignment is therefore overruled.

There is ample evidence to support the verdict in every respect. We do not understand just what is sought to be contended on the question of the amount of the verdict. There is no testimony set out in the statement tending to show that the difference between the value of the land at the time of its purchase and what plaintiff paid and contracted to pay for it would be less than the sum found by the jury. There was no judgment canceling purchase-money notes given by appellee to appellant, and this was not a suit to recover such sum as had been paid on the land, so it appears to us the statement under the eighth assignment is wholly irrelevant to the issue, whether the verdict is excessive.

The judgment is affirmed.