PAUL D. SMITH v. J. F. BUTCHER.

No. 3121. Decided June 16, 1920.

(22ε S. W., 166.)

**Supreme Court—Jurisdiction—Substantive Law—Evidence.**

Rulings relating purely to admissibility of testimony, where the case cannot be said to turn upon such testimony, do not present error in substantive law which would confer jurisdiction on the Supreme Court to grant writ of error. Browder v. Memphis Ind. Sch. Dist., 107 Texas, 535, followed. (P. 618).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Wood County.

In an action by W. M. Smith against Paul D. Smith and others, defendants had judgment on their cross-action against John F. Butcher, which, on his appeal was reversed and remanded. 195 S. W., 1180. Appellees obtained writ of error.

*Jones & Jones,* for plaintiff in error.

*M. D. Carlock,* for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The writ of error in this case was granted by the Committee of Judges of the Courts of Civil Appeals. The Supreme Court is without jurisdiction of the case unless the ruling of the Court of Civil Appeals of which the plaintiff in error makes complaint, presents a question of substantive law. That ruling relates purely to the admissibility of certain testimony. The case cannot be said to turn upon this testimony. A question of substantive law is not presented. Browder v. Memphis Independent School District, 107 Texas, 535.

The case is accordingly withdrawn from the Commission of Appeals and dismissed for want of jurisdiction.

*Dismissed for want of jurisdiction.*