SCHMIDT v. HOUSTON ELECTRIC CO.
(No. 333–3691.)

(Commission of Appeals of Texas, Section A. June 24, 1922.)

1. Appeal and error ⬤➡1082(1)—Reversal by Court of Civil Appeals of judgment for plaintiff for improper argument of counsel held reviewable by Supreme Court on writ of error.

Where the Court of Civil Appeals reversed the judgment for the plaintiff on the ground that counsel for plaintiff made improper remarks in argument to jury, which were calculated to have affected the jury to render a verdict for the plaintiff, the Supreme Court had jurisdiction on writ of error to review the judgment of the Court of Civil Appeals, question being one upon which the whole case turned.

2. Appeal and error ⬤➡1060(4)—Improper argument of counsel not ground for reversal where verdict was not influenced.

Improper argument of counsel held not ground for reversal where verdict was not influenced thereby.

3. Trial ⬤➡129—Improper remarks of counsel in argument to jury held invited by remark of adverse counsel.

In personal injury action, statements by counsel for plaintiff in argument to jury: "And you comment on why T. and S. (persons who were present at time of accident) are not here, and I will ask Mr. W. (a witness for the defendant) why they are not here. You had them here before and they testified before" —held invited by remarks of counsel for defendant commenting on the absence of such witnesses.

4. Trial ⬤➡133(6)—Remarks of court to jury held a sufficient instruction to disregard argument of counsel.

Statement of court to jury on objections to argument of counsel, "I suppose, maybe, gentlemen, you had better disregard those statements of counsel; it is not evidence, neither one of them," held a sufficient instruction to disregard the argument.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Mary Schmidt against the Houston Electric Company. Judgment for plaintiff was reversed, and the cause was remanded, by the Court of Civil Appeals (233 S. W. 637), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and cause remanded to Court of Civil Appeals, with directions.

Ward & Ward, of Houston, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston, for defendant in error.

RANDOLPH, J. This suit was filed in the district court of Harris county by Mary Schmidt, suing by her next friend, seeking recovery of damages for personal injuries against the Houston Electric Company, and resulted in a judgment in favor of plaintiff. On appeal to the Court of Civil Appeals at Beaumont that court reversed the case, and remanded it for a new trial in the district court. 233 S. W. 637.

The Supreme Court granted a writ of error, with this notation: "We think the case ought not to have been reversed upon argument of counsel"—and counsel for defendant in error, electric company, moved to dismiss the writ of error proceeding for want of jurisdiction of the Supreme Court.

On the trial of the case in the district court, in arguing the case before the jury the record shows that counsel for defendant, electric company, commented on the fact that certain witnesses who were shown to have been present at the time of the accident were not produced by the plaintiff, and argued from their nonproduction by plaintiff that their theory of the accident must have been antagonistic to the claim of plaintiff, or that they would have been produced. We

will give the bill the exception in full, as it shows the whole proceeding, which is as follows:

"During the argument of the case to the jury, W. H. Ward, counsel for plaintiff, used the following language: 'And you comment on why Tannhauser and Smith are not here, and I will ask Mr. Withers why they are not here. You had them here before and they testified before.' At this juncture Palmer Hutcheson, counsel for defendant inquired: 'Is that in the record?' To this Mr. Ward replied: 'No; but you asked the question.' The following then transpired:

"Mr. Hutcheson: Your honor, I think the question should be argued within the record and I shall request that you ask counsel to confine it to the record, and request the court to instruct the jury not to consider such statements of counsel.

"The Court: I will give you a bill. I didn't pay attention to either one.

"Judge Ward: They asked the question why witnesses are not here, and I said why they are not here. If the argument is not proper, I will withdraw it.

"The Court: In other words, you may have a bill, to show it satisfactorily.

"Mr. Hutcheson: That is satisfactory; Judge Ward knows enough about it to know what he is doing.

"The court, addressing the jury then said: 'I suppose, maybe, gentlemen, you had better disregard those statements of counsel. It is not evidence, neither one of them.' To Reporter: 'Don't take down what I am saying.' (Thereupon the court made some remarks to counsel in a light vein.)

"The court in making the statement to the jury above quoted considered that he was instructing the jury not to consider the statements of counsel for plaintiff to which objection had been made; but counsel for defendant, because of what had occurred as above shown, did not so consider it, but, on the contrary, considered that he was to have his complete bill showing that the court refused to instruct the jury to disregard said statements of plaintiff's counsel, and for that reason did not make any further request of the court to give any further instructions to the jury on the subject.

"The parties Tannhauser and Smith, referred to by Mr. Ward in his argument, were two occupants of the automobile in which plaintiff was injured at the time of the collision, and they were not produced to testify upon the trial of the case, and defendant's counsel in their argument commented upon their absence, and raised the point that, had they agreed with the theory of the accident advanced by plaintiff, they would have been produced as witnesses. No objection was interposed by Mr. Ward to this argument.

"Mr. Withers referred to in the argument had been a witness for the defendant in the trial of the case, and his testimony showed that he was associated with the claim department of the Houston Electric Company at the time of the collision and at all times since. No question whatever was asked Mr. Withers by either party, nor did he give any testimony relative thereto as to the whereabouts of Tannhauser and Smith, or their reasons for not being present as witnesses, and there was nothing in the record upon which to base any conclusion that Mr. Withers had anything to do with the absence of these witnesses, or knew anything about the cause of their absence."

The Court of Civil Appeals in their opinion, in passing upon whether or not the argument by plaintiff's attorney was calculated to influence the jury, and whether or not the argument was invited by the remarks to the jury by the opposing counsel, say:

"Counsel for appellee contends that, when the argument complained of was called to the court's attention he (counsel) promptly withdrew same, and that the court instructed the jury to disregard it, and that, if the argument was improper, it was cured by said withdrawal and the court's instruction. As shown by the bill of exceptions, the argument was not withdrawn, but, as we view it, substantially repeated when counsel said, 'They asked why witnesses are not here, and I said why they are not here,' and then said, 'If the argument is not proper, I will withdraw it.' This was not a withdrawal of the statement. Neither did the court instruct the jury to disregard the statement of counsel. His remark to the jury, 'I suppose, maybe, gentlemen, you had better disregard those statements of counsel; it is not evidence, neither one of them,' and then, in the presence and hearing of the jury, telling the reporter, 'Don't take down what I am saying,' did not amount to an instruction to disregard, but was rather calculated to impress the jury with the idea that the remarks and statement of counsel were proper. The issue of negligence was sharply contested—the vital issue in the case—and upon the testimony the jury could have found for either party. The argument was calculated to influence the jury, and the court should have pointedly sustained the objection to same and plainly told the jury to disregard it. * * *

"But counsel for appellee insists that, if the argument was error, it was invited error, for the reason that counsel for appellant went out of the record and commented on the absence of said witnesses, on appellee's not producing said witnesses, and that his statement and argument was in reply thereto. This was not invited error. It has always been considered proper for counsel to comment on the absence of witnesses who are, or from their connection with the circumstances should be, possessed of a knowledge of the transaction inquired about, and who are not present. Comment, under such circumstances, cannot be said to be beyond the record, but fairly within it. * * *

"As we have said above, there was testimony introduced from which the jury might have found either way as to negligence. In this state of the record we cannot say that it appears probable that the verdict of the jury was not influenced by the improper argument of counsel, and, unless it can be so said, the verdict should be set aside. The policy of the appellate courts is to condemn any argument that is not within the facts, and that is especially true in cases involving uncertain damages."

[1] In our consideration of the motion to dismiss for the want of jurisdiction we state the following proposition: The argument of the attorney for plaintiff, if it was calculated to influence the jury, affects the whole case, and thereby becomes a matter of substantive law; hence, if it was so calculated to influence a verdict, it becomes a material inquiry before the Supreme Court of which it has jurisdiction. In the case of Smith v. Butcher, 110 Tex. 617, 223 S. W. 166, the question presented to the Supreme Court related purely to the admissibility of certain testimony, and Justice Phillips held that the Supreme Court did not have jurisdiction because the case did not turn upon this testimony.

In the case of Hartt v. Yturia Cattle Co. (Tex. Com. App.) 228 S. W. 553, the court say:

"The action was based upon alleged representations and guaranties made by the seller to the purchaser. The jury found they were not made. That being true, the case was settled by that finding. The case did turn upon that point. But did the decision of that point by the jury turn upon the evidence of custom? We do not think it can be said that it did. * * * If we are correct in this view, then, under the decision of the Supreme Court in the case of Smith v. Butcher, 223 S. W. 166, the said court is without jurisdiction of the case at bar, unless it extends its jurisdiction under the said act of 1917 to cover a wider range of cases than did the act of 1913."

It will be seen from these decisions that, where the question is one upon which the whole case turns, jurisdiction vests in the Supreme Court to revise or correct same. We therefore recommend that the motion to dismiss be overruled.

Was the argument made by plaintiff's attorney calculated to improperly influence the action of the jury, and, if it was so calculated, was it invited by the argument of defendant's counsel?

[2] Upon this question, if the evidence is analyzed it will be seen that the verdict of the jury had sufficient evidence to support it, and that the argument of the attorney for plaintiff was not of such inflammatory character as was likely to influence the minds of the jury. The plaintiff, a female child of four years of age at the time of the accident, was seriously injured by defendant's street car. If the jury believed the plaintiff's evidence, she was not only seriously injured at that time, but permanently injured in such manner as to seriously affect her after life. It can serve no useful purpose for us to go over the evidence, as an inspection of the record shows abundant testimony to warrant the belief that the verdict was not excessive, and that the argument of counsel, even though improper, did not influence the verdict. Passing upon the question of sufficiency of the evidence, and whether or not the verdict was excessive only as it relates to the question of the probable effect of the argument on the jury, we so hold. We think, therefore, that the Court of Civil Appeals erred in holding the argument of counsel calculated to influence the verdict of the jury.

[3, 4] We are also inclined to the opinion, first, that counsel for defendant invited this argument, and, second, that the action of the trial court was substantial instruction to the jury to disregard the argument. We cite the following cases supporting this ruling: T. & P. Ry. Co. v. Garcia, 62 Tex. 289; Sims v. Ford (Tex. Civ. App.) 209 S. W. 699; S. A. U. & G. Ry. Co. v. Hagen (Tex. Civ. App.) 188 S. W. 954; Willis v. McNatt, 75 Tex. 69, 12 S. W. 478; McLane v. Paschal, 74 Tex. 27, 11 S. W. 839.

The action of the Court of Civil Appeals in overruling assignment No. 5 is abundantly sustained by authorities cited by them, and we concur in their action. We think that the statements of the motorman, made at the time of the accident, were clearly admissible upon the grounds stated in the Court of Civil Appeals' opinion.

There are a number of other assignments of error involving questions of fact which the Court of Civil Appeals did not pass on by reason of their holding on the fifth assignment, and which will be necessary for them to consider under our ruling on the said assignment. Clark v. Texas Co-op. Inv. Co. (Tex. Com. App.) 231 S. W. 383; Shumaker v. Byrd, 110 Tex. 146, 216 S. W. 862.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that this case be returned to that court for their determination of such assignments as they did not consider on the former hearing.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to Court of Civil Appeals, to consider assignments not previously determined.