### FALLS COUNTY v. YOUNG et al.
### No. 12891.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 12, 1934.

Rehearing Denied Dec. 7, 1934.

Terry Dickens, C. M. Pearce, and Oltorf & Oltorf, all of Marlin, for plaintiff in error.

Leslie Humphrey, W. E. Fitzgerald, and E. O. De Montel, all of Wichita Falls, G. R. Pate, of Fort Worth, and C. T. Gettys, of Decatur, for defendants in error.

POWER, Justice.

This suit was filed in the usual form of trespass to try title; the question to be determined, however, being one of boundary as to the true western boundary line of the Falls county school land and the eastern boundary lines of the J. M. Taylor survey Nos. 24 and 26 and the Allison Arms (or Aarons) survey No. 28, all in Archer county, Tex.

The pleadings presented and evidence introduced identified three contentions as to the actual place on the ground where the true line was placed by the original surveyor. The first contention by plaintiff in error is based on the testimony of its witness Van B. Harris, who surveyed the lands in question and placed the line at a place on the ground where there were marks of an old fence. The evidence showed that this fence was removed about the year 1902.

The defendants in error presented two contentions as to the true place on the ground of this boundary line. The first is that the line is correctly located at the present fence line; the evidence showing that this fence was built about the year 1902 and has remained at the same place since that time. The present fence line is from 180 to 188 varas east of the line indicated by the markings of the old fence. The second contention is based on the evidence of Ross Corlett, a surveyor, and places the true line on the ground 60 varas east of the present fence line.

The theory of plaintiff in error was submitted to the jury on the following special issue: 1. "Do you find from a preponderance of the evidence that the line forming the east boundary of the Allison Aaren and J. M. Taylor Surveys Nos. 24 and 26, as located by the original surveyor, is located at the place where the old fence stood that was removed about the year 1902?"

The contentions of the defendants in error were submitted as follows:

2. "Do you find from a preponderance of the evidence that the line forming the east boundary of the Allison Aaren and J. M. Taylor Surveys Nos. 24 and 26, as surveyed by the original surveyor, is located at the place where the fence stands that was constructed by Power about the year 1902?"

3. "Do you find from a preponderance of the evidence that the line forming the east boundary line of the Allison Aaren and J. M. Taylor Surveys Nos. 24 and 26, as surveyed by the original surveyor, is located by beginning at the northeast corner of J. M. Taylor Survey No. 22, and running the courses and distances contained in the original field notes of J. M. Taylor's surveys Nos. 22, 23, 24, and 26 and the Allison Aaren Survey?"

Issue No. 1 was answered in the negative; issue No. 2 in the affirmative; and issue No. 3 was not answered.

Plaintiff in error's first assignment of error complains that the court should have instructed the jury to find for the plaintiff. To this we cannot agree.

■ Much evidence was introduced undertaking to sustain the three theories of plaintiff in error and defendants in error, and, if it is conceded that sufficient evidence was offered by plaintiff in error to sustain its theory by a jury finding, this court is of the opinion that it was not the only theory sufficiently developed by the evidence to require submission, and we are of the opinion that the court properly presented plaintiff's case as developed by submitting special issue No. 1 and properly submitted the theories of defendants in error by submitting the special issues Nos. 2 and 3.

The statement of facts is long, and no good purpose would be served by discussing at length the evidence introduced. It is sufficient to say that this court, after reading carefully the whole of the evidence introduced, is of the opinion and finds that the trial court did not err in overruling plaintiff in error's request for a peremptory instruction.

■ Appellant offered in evidence a working sketch or map showing the location of the Falls county school land and surrounding surveys, certified as follows:

"General Land Office, Austin, Texas, Jan. 24, 1900.

"I, Charles Rogan, commissioner of the General Land Office of the State of Texas, do hereby certify that this sketch is a true and correct compilation of all field notes shown hereon from patented field notes on file in this office."

On objection this map was not admitted in evidence, and plaintiff in error assigns error. Two other sketches certified by the

same land commissioner, showing a true copy of the surveys involved in this case, together with surrounding surveys as the same appears on the official Archer county map, were admitted in evidence. Each of these two sketches shows the relative locations of several surveys; also certified copies of patents and of the original field notes to all of the surveys involved were introduced in evidence. Even though the sketch should be admissible, it is the opinion of this court that no harm could have resulted to plaintiff in error by the exclusion of the same. Town of Jacksonville v. Pinkard (Tex. Civ. App.) 40 S.W.(2d) 841; Abel v. Maxwell Hardware Co. (Tex. Civ. App.) 28 S.W.(2d) 312.

■ Aside from this, however, it is the further opinion of this court that the sketch was not admissible. In the case of Texas & P. Ry. Co. v. Thompson, 65 Tex. 187, it is said: "The commissioner of the general land office may give certified sketches from the maps in his office, and in many cases such sketches are admissible; but the sketches offered by the appellee did not purport to be copies of maps in use or on file in the land office, but purported to be made up from field notes with a view to proving thereby that the several tracts of land were in fact situated as they are represented thereon. Such would be but the opinion of the draughtsman who made the sketches, and such matters are not admissible. The general sketches are certified to show the correct positions of the several tracts of land shown thereon, which fact is sought to be established by the further certificate that the sketches were compiled from the field notes on file in the office."

■ Plaintiff in error's third proposition concerns the rejection by the court of a certain report and map made and certified to by the general land office in 1894 by the then county surveyor of Archer county. The county surveyor was deceased at the time of the trial. This report and map was filed by the then county surveyor with the general land office of this state. It is not shown that this report and map was the result of work that the surveyor was authorized by law to do, and in fact it is not shown for what reason the survey was made by the then county surveyor, nor why the report and map was filed with the general land office. It is the opinion of this court that the trial court did not err in the rejection of this report and map.

Article 250, subd. 5, of the Revised Statutes of 1925, supports the view that such documents, in order to become an archive of the general land office, must pertain to the land of the republic or the state of Texas and be filed in accordance with some law of the republic or of this state.

In the case of Landry v. Robison, 110 Tex. 295, 219 S. W. 819, 821, Judge Greenwood said: "Instruments deposited or filed in the General Land Office do not become archives thereof unless their deposit or filing was authorized by law, and it would be a strange rule which would fix the status of public land by instruments in the Land Office forming no part of its archives."

It is our opinion that an instrument or map is not admissible in evidence merely because it is found in the general land office or because it purports to be filed by a county surveyor. It must further appear that it is a result of work that the surveyor was authorized to do and must in some way relate to the public lands of the state. Daniels v. Fitzhugh, 13 Tex. Civ. App. 300, 35 S. W. 38; Barrow v. Gridley, 25 Tex. Civ. App. 13, 59 S. W. 602, 913.

■ H. A. Power testified for defendants in error, stating that he had lived in Archer county 38 years, engaged in the ranching business, and that for a great many years he owned the Allison Arms (Aarons) survey and part of one of the Taylor surveys; that he built the present fence along the disputed boundary line in 1902; that the fence built by him is yet in place where built; that he undertook to find the location for the building of that fence; that he took J. P. Hart, county surveyor of Archer county, with him; that J. P. Hart was deceased at the time of the trial; that he took J. P. Hart all the way around the place. All the above testimony was introduced without objection. The witness was then asked: "In order to ascertain the place where you went to build your fence, where did you and Mr. Hart first go?" An objection was offered by plaintiff in error to this question. The witness finally answered, however, mentioning the northeast corner of the J. M. Taylor survey No. 22. This answer was excluded by the court, with instructions that it be not considered. The witness' mention of a rock as the starting point was likewise excluded with similar instructions.

From the statement under plaintiff in error's fourth proposition, it is shown that the said proposition is based on the questions

and answers just stated. This evidence being excluded, plaintiff in error is in no position to complain.

■ Plaintiff in error assigns error to the testimony of the witness Power, to the effect that it was the custom and practice of cattlemen in the early days of that section of the country to build their fences on lines of least resistance, avoiding hills and other rough places and with little or no regard for the true lines of surveys. There was no error in the admission of this testimony.

Witness Van B. Harris testified for plaintiff in error, stating that he found some old fence posts and other evidence of an old abandoned fence extending substantially along the line contended for by plaintiff in error as the west line of the Falls county school survey and the east line of the Taylor surveys Nos. 24 and 26 and the Allison Arms (Aarons) survey. It was plaintiff in error's contention that the location of the west line of the Falls county survey and the east line of the Taylor surveys Nos. 24 and 26 is the old fence line. The testimony of Power was admissible, rebutting the testimony of Harris, which supported the theory of plaintiff in error.

In the case of McClure v. Heirs of Sheek, 68 Tex. 426, 4 S. W. 552, 554, the Supreme Court said: "Appellants, by their fifth assignment, allege that the court erred in permitting a witness to testify that it was the custom of the country for persons having charge of cattle belonging to other persons to render the property for assessment in their own names. Plaintiffs had shown that G. W. Sheek had given in to the assessor the cattle in his own name. This evidence was offered as a circumstance tending to show that they were J. W. Sheek's cattle. Now, if it were true that such a custom existed in that county, this fact was calculated to weaken the force of the circumstance which plaintiffs had proved, and was therefore good evidence for defendants in rebuttal. It was explanatory of a suspicious circumstance against defendants, and was therefore admissible."

■ Ross Corlett, a surveyor, testified for defendants in error that he had surveyed the land involved in this suit and that he had prepared a map showing the boundary of the strip of land sued for, also showing the original field notes on the lines as marked and showing the distances along the fence lines as measured by the witness. He testified that it was a correct portrayal of all that is purported to be shown on the map. It was offered and admitted in connection with his testimony, over the objection of plaintiff in error. It is the opinion of this court that the map was admissible. Griffith v. Rife, 72 Tex. 185, 12 S. W. 168; Sims v. Ford (Tex. Civ. App.) 209 S. W. 699.

■ It is the opinion of this court that plaintiff in error's requested special issues Nos. 1, 2, and 3, requesting the jury to find the distance from a certain point in one of the surveys to some other point in a different or other survey, presented at most an evidentiary matter and not an ultimate fact, and that the court did not err in refusing to submit such special issues. Southern Surety Co. v. Adams, 119 Tex. 489, 34 S.W.(2d) 789, 797; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662.

We have carefully considered all propositions presented by plaintiff in error and find no error, and the judgment is in all things affirmed.